LEOTA FAMILY and UELE SAVALIGA, Appellants

v.

FAUMUINA MOLITAU, Appellee

High Court of American Samoa
Appellate Division

AP. NO. 32-85

February 13, 1987

Before    REES,    Chief   Justice,   GARDNER*,   Acting
Associate   Justice,    KENNEDY**,   Acting   Associate
Justice,   LUALEMAGA,   Associate   Judge, and AFUOLA,
Associate Judge.

Counsel: For Appellants Leota, Albert Mailo
         For Appellant Uele, Monike Failauga
         For the Appellee, Aviata Fa'alevao

Per KENNEDY, J.:

    Leota   Faagau   and   Savaliga   Uele   appeal   a
decision of  the Land & Titles Division of the High
Court of American Samoa that land  known as Utusi'a
is  communal  land  of  Faumuina  Molitau, but that
Leota and Uele may  continue · to  live  there.   We
affirm.

    The positions  of the  parties are as follows.
Leota claims that Utusi'a  is communal. land of the
Leota family  because it  has occupied the land for
many  years.    Uele   claims   that   he   inherited
individual  ownership  of  Utusi'a  from  Tialavea
Eseroma.   Faumuina claims that Utusi'a  is communal
land of  the Faumuina  family, acquired long ago as
atonement for a crime against the family.

11

Under A.S.C.A. 43.0801(b), we review the decision of the Land & Titles Division under the clearly erroneous standard.

Faumuina testified that his family received Utusi'a to atone for the rape of a family member, all this long before the establishment of a government on Tutuila. Two witnesses substantially corroborated his testimony. Uele, an adverse party with his own claim to Utusi'a, conceded that Faumuina's family received the land to resolve the dispute after a rape. Tialavea Fa'alafu, a senior member of the Lauatua family, conceded that his family had given Utusi'a to Faumuina's family many years ago. While other witnesses questioned Faumuina's claim to the land, the lower court's finding was not clearly erroneous in light of the supporting evidence we have cited.

Leota claims that his family has lived in Utusi'a for many years. Such an arrangement, however, is not inconsistent with Faumuina's ownership of the land. As Faumuina testified, his ancestors may simply have allowed Leota to occupy the land, much as Faumuina is willing to do today.

We turn next to the contention of Savaliga Uele, who filed a brief with certain contentions but failed to file a notice of appeal. Failure to file a notice of appeal will bar an attack on the judgment of the trial court, but in this instance we address the contentions in order to resolve the case as to all parties.

Uele agrees that the land was given in atonement but argues it was transferred to the rape victim as individual property, not to the victim's family as communal property, and that it was inherited by him. He says that atonement by transfer of land, an ifoga, after a personal offense becomes individual not family property as a matter of Samoan custom. We find no support for that proposition. A transfer of communal land, even before the enactment of statutes restricting it, was a rare event. Moreover, consistency with Samoan traditions requires a strong presumption that land so transferred remain communal land. This is true even when the transfer was due to an ifoga, or atonement. Though the victim suffers grievous personal hurt and anguish, his or her family shares the outrage. An ifoga is an expression of sorrow and apology to the family, as well as to the victim, and in this sense transcends

12

mere compensation. _Yeh v. Pratt_, 4 A.S.R. 752 (1967).

Under the decisions of this Court, a person may obtain individual ownership of land with proof of original ownership. _Leuma v. Willis_, 1 A.S.R. 2d 48 (1980). As the court below noted, Uele failed to present any evidence concerning original ownership of Utusi'a. This failure, along with the presumption against individually owned land, _Reed v. Puailoa_, 1 A.S.R. 2d 85 (1983), and our conclusion of the effect of the ancient transfer by ifoga, lead us to reject his claim.

The decision of the Land & Titles Division of the High Court of American Samoa is AFFIRMED.

---

* Honorable Robert Gardner, Chief Justice Emeritus, High Court of American Samoa, serving by designation of the Secretary of the Interior.

** Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.